UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHANE GARST, et al.,<br><br>Defendants. | Case No.: 25-cv-02235-AJB-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR STAY OF PROCEEDINGS PENDING TRIAL IN THE UNDERLYING ACTION**<br><br>**(Doc. No. 27)** |

Before the Court is the Joint Motion for Stay of Proceedings Pending Trial in the Underlying Action filed by Plaintiff Colony Insurance Company ("Colony") and Defendants Shane Garst and the Sydekicks Real Estate, LLC. (collectively, "Garst"). (Doc. No. 27.) On February 26, 2026, the Court held a status hearing with the parties to discuss the joint motion. (Doc. No. 29.)

This is an insurance coverage action in which Colony seeks a declaration that Garst does not qualify as an additional insured party and therefore Colony does not owe Garst a duty to defend Garst in *Winthrop Cramer v. Shane Garst, et al.*, Case No. 37-2023-00001814-CU-CO-NC, an underlying and related civil lawsuit pending in San Diego County Superior Court. (*Id.* at 2.) The parties indicate that trial in the underlying action will begin on March 20, 2026, and that "the outcome of that trial may affect the factual

basis of the motions, alter the coverage issues, or even potentially eliminate any remaining coverage issues pled and to be decided in this lawsuit." (*Id.* at 2–3.) Currently, Colony has declined a defense to Garst in the underlying action, but is defending Rivera Construction, who is a cross-defendant and named insured in the underlying action. (*Id.* at 2.)

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "[I]f there is even a fair possibility that the stay ... will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

The Court finds that a stay is warranted here. Based on the parties' representations, the resolution of the underlying action may substantially simplify or even resolve the issues before this Court. (Doc. No. 27 at 2–3.) Such circumstances merit a stay. *Mediterranean Enters.*, 708 F.2d at 1465. Given that the parties before this Court intend to move forward with litigating the underlying action, there does not appear to be any risk that a stay will "work damage to someone else." *Dependable Highway*, 498 F.3d at 1066. Additionally, because trial in the underlying action will begin on March 20, 2026, "it appears likely the

other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Accordingly, the Court **GRANTS** the joint motion. If trial in the underlying action is continued, any party may move to lift the stay.

**IT IS HEREBY ORDERED** that this action is **STAYED** for 90 days. The Court **SETS** a status hearing for **10:00 a.m. on May 21, 2026**, in Courtroom 4A to discuss next steps in this action. All dates and deadlines contained in the January 14, 2026 Scheduling Order (Doc. No. 22) are **VACATED**.

**IT IS SO ORDERED.**

Dated:  February 26, 2026

Hon. Anthony J. Battaglia
United States District Judge

3

25-cv-02235-AJB-JLB